[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 22, 2006
THOMAS K. KAHN
CLERK

No. 05-14275
Non-Argument Calendar

_____

D. C. Docket No. 04-00051-CR-4-RH-WCS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NICHOLAS BRYANT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(May 22, 2006)**

Before CARNES, BARKETT, and PRYOR, Circuit Judges.

PER CURIAM:

Nicholas Bryant appeals his convictions for: (1) conspiracy to possess with

intent to distribute marijuana, in violation of 21 U.S.C. § 846; (2) possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D); and (3) possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1)(A)(i). On appeal, Bryant argues that his motion to suppress the evidence, which was seized from his house pursuant to a search warrant, should have been granted because: (1) there was no reference in the warrant affidavit to the confidential informant's (CI) veracity, reliability, or prior use; (2) the affiant made a recklessly false statement when he said that he had reason to believe that "illegal narcotics are being kept and sold" at Bryant's residence; and (3) there was no competent evidence to show ongoing drug activity or that Bryant was connected to it from police surveillance of another individual.

We review the district court's determination that an affidavit contains probable cause de novo and its findings of fact for clear error. United States v. Jiminez, 224 F.3d 1243, 1248 (11th Cir. 2000). We give due deference to the inferences that the district court and law enforcement officers drew from the facts. Id.

Based upon this record we cannot say that the district court erred. Because there was sufficient corroborating information that was not stale in the search warrant affidavit to support a finding of probable cause, even assuming arguendo

that there was falsity in the officer's statement, the district court did not err by denying Bryant's motion to suppress.

**AFFIRMED.**